UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUBENA LORENZO, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                Case No: 2:20-cv-109-SPC-MRM

DURHAM & DURHAM, LLP,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Durham & Durham, LLP's Motion to Dismiss for Failure to State a Claim. (Doc. 8). Plaintiff Lubena Lorenzo filed a Response in Opposition. (Doc. 12). For the following reasons, the Motion is granted with leave to amend.

## **BACKGROUND**

This is a putative class action against the law firm Durham & Durham LLP for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). In 2018, Lorenzo incurred a debt from Lehigh Physician Services for medical care in the amount of $321.01. (Doc. 1-1 at 1). Lorenzo defaulted and her debt was assigned to Durham for collection. In this role, Durham sent Lorenzo a letter titled "First Notice," dated May 14, 2019, notifying her of the default and outstanding debt. This dispute centers on the contents of the letter's validation notice, which notified Lorenzo that she could dispute

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

the validity of the debt within thirty days, failing which the debt would be assumed valid by either the "creditor" or "by this firm."

> Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be *valid by the creditor and by this Firm*.

(Doc. 1-1 at 1) (emphasis added). Lorenzo alleges that this language violates the FDCPA, which requires a statement that the debt collector alone – not the creditor – may assume the debt's validity in the case of a failure to dispute within thirty days.

Lorenzo brings this action individually and on behalf of all Florida consumers who received a letter with the offensive validation notice. Defendant moves to dismiss, arguing that including the words "by the creditor" would not mislead the least sophisticated consumer. Alternatively, Dunham argues that the Complaint should be dismissed because its allegations are conclusory, failing to meet the *Twombly/Iqbal* pleading standard.

## STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Thus, the court engages in a twostep approach: "When

there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

"To state a claim under FDCPA, plaintiff must allege that '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Gnipp v. Bank of Am.*, N.A., No: 2:15-cv-99-FtM-29CM, 2016 WL 502013, at *13 (M.D. Fla. Feb. 8, 2016) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). Here, only the third element is at issue.[2]

The FDCPA requires a debt collector to give the debtor sufficient notice of their debt, including the amount of the debt, the name of the creditor to whom the debt is owed, and the implications of disputing the debt. 15 U.S.C. § 1692g(a). Lorenzo claims that the addition of the words "by the creditor" violates §§ 1692e(2)(A) and 1692e(10) of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, which prohibits the false representation of the character, amount, or legal status of any debt, and prohibits the use of any false representation or deceptive means to collect or attempt to collect a debt. (Doc. 1 at ¶ 27-32). The sole basis for Lorenzo's Complaint is subsection (3) of section g(a) which requires the debt collector to send the consumer notice that includes "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt

---

[2] Durham notes in its Motion to Dismiss that it "assumes but does not concede that Plaintiff satisfied the first two elements." (Doc. 8 at 4).

3

collector[.]" 15 U.S.C. § 1692g(a)(3). Lorenzo's argues that including the words "by the creditor" is unlawful and misleading because subsection (3) does not contemplate that a *creditor* may assume that a debt is valid after thirty days. Rather, the statute states that in the absence of a dispute, only a *debt collector* may assume that a debt is valid. Lorenzo asserts that the language impermissibly expands the reach of the statute and advises her of consequences that the statute does not authorize.

Failing to comply with one or more of the FDCPA's statutory requirements is actionable if the variance is one that would tend to mislead the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir.1985). The least sophisticated consumer "posses[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010); *see also Jeter*, 760 F.2d at 1175) (the least sophisticated consumer is "on the low side of reasonable capacity"). This standard protects "naïve consumers" and "prevents liability for bizarre or idiosyncratic interpretations of collections notices by preserving a quotient of reasonableness." *LeBlanc*, 601 F.3d at 1194.

The Eleventh Circuit addressed a similar factual situation as here in *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299 (11th Cir. 2014). In that case, a debt collector sent a letter to a debtor explaining that a "creditor" – instead of the statutorily required "debt collector" – will assume an undisputed debt is valid. *Id.* at 1303. The Eleventh Circuit found this substitution would not mislead the least sophisticated consumer. *Id.* It reasoned that since the "debt collector is obviously the agent of the creditor . . . the least sophisticated consumer would think that if the debt collector was entitled to assume the

4

debt is valid, the creditor would have the same right." *Id.* at 1304. The least sophisticated consumer would understand this "whether or not the language of the notice is 'assumed valid by the debt collector,' as required by statute, or 'assumed valid by the creditor,' as stated in the letter." *Id.*

*Caceres* is on point, the only difference being that instead of substituting "creditor" for "debt collector," the letter here included both the terms debt collector and creditor as parties who will assume an undisputed debt is valid. As explained in *Caceres*, "the least sophisticated consumer would think that if the debt collector was entitled to assume that the debt was valid" – which is the required language under the statute – then "the creditor would have the same right." *Id.* at 1304. The least sophisticated consumer, who understands the debt collector is the creditor's agent and the creditor have the same right as the debt collector, would not be misled. "Thus, because the same implication arises whether or not the language of the notice is 'assumed valid by the debt collector,' as required by statute, or 'assumed valid by the creditor,' as stated in the letter, the letter did not mislead." *Id.* Therefore, inline with the reasoning in *Caceres*, the Court finds that the validation notice in this case would not mislead the least sophisticated consumer.

Because courts should generally allow plaintiffs the opportunity to amend before dismissing a claim with prejudice, the Court will allow Lorenzo to amend. *See Bryan v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stressing that litigants should ordinarily be given one chance to amend before dismissal with prejudice).

Accordingly, it is now

**ORDERED:**

(1) Defendant Durham & Durham, LLP's Motion to Dismiss for Failure to State a Claim (Doc. 8) is **GRANTED** to the extent that the Complaint (Doc. 1) is **dismissed without prejudice** to filing an Amended Complaint consistent with this Opinion and Order by **April 20, 2020**.

(2) If no Amended Complaint is not filed, the case will be closed.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of April 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record